Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TOMAS MARTINEZ PACHECO, | Case No.:   17 cv 7931 |
| Plaintiff, | |
| -against- | **COMPLAINT** <br> **FLSA ACTION** |
| SAMMY DRY CLEANERS, INC., located at 144 East 22nd Street, New York, NY 10010, and ROY PARK, individually, | ECF Case |
| Defendants. | |

---

Plaintiff, Tomas Martinez Pacheco ("Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendant, Sammy Dry Cleaners, Inc. and/or any corporate entity doing business as Sammy Dry Cleaners, located at 144 East 22nd Street, New York, NY 10010 (hereinafter "Sammy Dry Cleaners"), and Roy Park (defendants collectively referred to herein as the "Defendants"), and states as follows:

### INTRODUCTION

1. This action brought by Plaintiff, alleges violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the New York Labor Law, arising from Defendants' failure to pay wages for all hours worked, minimum wages, and overtime compensation.

2. Upon information and belief, Defendants have willfully and intentionally committed violations of the FLSA and New York Labor Law by failing to pay Plaintiff, minimum wages for all hours worked, and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from the Defendants: (1.) unpaid wages and minimum wages; (2.) unpaid overtime wages; (3.) liquidated damages; (4.) pre-judgment and post-judgment interest; and, (5.) attorneys' fees and costs.

4. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1.) unpaid wages and minimum wages; (2.) unpaid overtime wages; (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours; (4.) liquidated damages and civil penalties pursuant to the New York State Wage Theft Prevention Act; (5.) pre-judgment and post-judgment interest, and, (6.) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiff is an adult resident of Bronx County, New York.

8. Upon information and belief, Defendant, Sammy Dry Cleaners, Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, with a principal place of business located 144 East 22nd Street, New York, New York 10010.

9. Defendants have done, and continue to do, business under the name Sammy Dry Cleaners, in New York City.

10. Defendant, Sammy Dry Cleaners was, and is registered to do business, and does business, in New York.

11. During his employment with the Defendants, Plaintiff worked in interstate commerce.

12. At times relevant to this litigation, Defendants were the Plaintiff's employer within the meaning of the FLSA and the New York Labor Law.

13. At all relevant times, Sammy Dry Cleaners, was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by the Defendants.

15. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff lawfully earned minimum wages and overtime compensation in contravention of the FLSA and New York Labor Law.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

17. Upon information and belief, Defendant, Roy Park, is an owner, officer, director and/or managing agent of Sammy Dry Cleaners, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Sammy Dry Cleaners and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor

Law § 2 and the Regulations thereunder, and is jointly and severally liable with Sammy Dry Cleaners.

18. Plaintiff was employed by the Defendants in New York County, New York as a delivery person, counter person and general assistant, for Defendants' dry cleaners known as "Sammy Dry Cleaners", from in or about October 2014, through September 8, 2017.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned minimum wages for all hours worked, and overtime wages, in contravention of the FLSA and New York Labor Law.

20. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

21. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

22. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

## STATEMENT OF FACTS

23. In or about October 2014, Plaintiff, Tomas Martinez Pacheco, was hired by Defendants to work as a non-exempt delivery person, counter person, and general helper at Defendants' dry cleaners known as "Sammy Dry Cleaners" located at 144 East 22nd Street, New York, NY 10010.

24. Plaintiff, Tomas Martinez Pacheco, worked for the Defendants continuously until on or about September 8, 2017.

25. During Plaintiff Tomas Martinez Pacheco's employment by Defendants, he worked over forty (40) hours per week. During the course of his employment Plaintiff worked

six (6) days per week, normally working twelve (12) hours per day on weekdays, and nine and a half (9 ½) hours on Saturdays, for a total of approximately sixty-nine and a half (69 ½) hours per week.

26.     Plaintiff was paid, in cash, a flat salary of $480.00 per week for six (6) shifts; he worked approximately sixty-nine and a half (69 ½) hours per week. As such, his "regular rate" of pay was less than $7.00 per hour, for all hours worked.

27.     Beginning in 2016, plaintiff's weekly compensation was increased to $650.00 per week, and he continued to work the same hours. As such, his "regular rate" of pay was approximately $9.35 per hour.

28.     Plaintiff was not paid an additional "overtime premium" for hours worked above forty (40) each week.

29.     Defendants knowingly and willfully operated their business with a policy of not paying overtime compensation for work performed above forty (40) hours each week.

30.     Plaintiff was improperly paid a salary or shift pay, which resulted in his receiving compensation below the minimum wage under state law.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

31.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "30" of this Complaint as if fully set forth herein.

32.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

34. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

35. Plaintiff worked hours for which he was not paid wages, minimum wages and/or overtime compensation.

36. Plaintiff was entitled to be paid at the rate of time and one-half the applicable minimum rate of pay for all hours worked in excess of the maximum hours provided for in the FLSA.

37. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff wages for all hours worked, minimum wages, and overtime compensation at time and one-half Plaintiff's regular rate of pay (or the statutory minimum wage), for all hours worked in excess of forty (40) hours per workweek.

38. Defendants failed to pay Plaintiff wages and overtime compensation in the lawful amounts, for all hours worked each workweek.

39. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff lawful wages and overtime compensation, for all hours worked, when they knew or should have known such was due and that non-payment of such would financially injury Plaintiff.

40. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

41. Records, if any, concerning the number of hours worked by Plaintiff, and the actual compensation paid to Plaintiff, are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

43. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus liquidated damages and civil penalties, and prejudgment interest thereon.

45. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

46. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

47. Defendant, Roy Park, is an individual who, upon information and belief, owns the stock of Sammy Dry Cleaners, owns Sammy Dry Cleaners, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COUNT II
### [Violation of the New York Labor Law]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

50. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay wages, minimum wages, and overtime wages at rates of not less than one and one-half times his regular rate of pay (or the statutory minimum rate of pay) for each hour worked in excess of forty (40) hours per workweek.

51. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff, for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

52. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid wages, unpaid minimum wages, unpaid overtime compensation, unpaid spread-of-hours premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York State Wage Theft Prevention Act. Plaintiff also seeks civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act and New York.

### COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

53. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

55. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

56. Plaintiff was not provided with a true and accurate wage statement as required by law.

57. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff Tomas Martinez Pacheco, respectfully requests that this Court grant the following relief:

    a. An award of unpaid wages, minimum wages, and overtime compensation due under the FLSA and New York Labor Law;

    b. An award of liquidated damages as a result of Defendants' failure to pay overtime wages pursuant to 29 U.S.C. § 216;

    c. An award of liquidated damages and/or civil penalties as a result of Defendants' failure to pay overtime wages pursuant to the New York Labor Law;

    d. An award of prejudgment and post-judgment interest;

    e. An award of costs and expenses of this action together with attorneys' fees; and,

    f. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       October 16, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com

By: _____
Peter H. Cooper (PHC 4714)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Tomas Martinez Pacheco_, am an employee currently or formerly employed by _Sammy dry Cleaner_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_Sept. 19_, 2017